UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE DERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 cv 1335 |
| | ) | |
| DELTA AIR LINES, INC., | ) | |
| | ) | **Jury Demand** |
| Defendant. | ) | |

**DEFENDANT DELTA AIRLINE, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

The Defendant, DELTA AIR LINES, INC. ("Delta"), by and through its attorneys, Donald G. Machalinski and Amelia K. Christensen of MERLO KANOFSKY BRINKMEIER & GREGG Ltd., for its Answer and Affirmative Defenses to the Plaintiff's Complaint At Law, states as follows:

1. Plaintiff, JOYCE DERBY, is a resident of the Village of Plainfield, Illinois.

ANSWER: Upon information and belief, Delta admits the allegations contained in paragraph 1.

2. Defendant, DELTA AIRLINES, is a foreign corporation, operating in and under the laws of the State of Illinois, in the business of a common carrier of persons and cargo by airline, within the County of Cook and State of Illinois, as well as other States within the United States and other Countries.

ANSWER: Delta admits to the allegations contained in Paragraph 2.

3. On or about April 5, 2006, plaintiff, JOYCE DERBY, was a pedestrian exiting the Delta Cargo facility located at 10,000 W. O'Hare, Chicago, County of Cook, Illinois ("subject premises"), specifically, stepping down off the concrete stoop in front of the Delta Cargo facility onto the asphalt parking lot.

ANSWER: Due to a lack of sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3, Delta makes no answer to same and demands strict proof thereof.

4. At that time and place, plaintiff was legally and lawfully in and upon the subject premises.

ANSWER: Due to a lack of sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4, Delta makes no answer to same and demands strict proof thereof.

5. Among the passages, areaways and appurtenances of the subject premises was a certain stoop located adjacent to and in front of the parking lot to be used by visitors to the subject premises.

ANSWER: Delta only admits that there was stoop located adjacent to and in front of the parking lot to be used by visitors to the subject premises.

6. On or about April 5, 2006, and for some time prior and subsequent thereto, the Defendant, DELTA CARGO, either owned, operated, managed, maintained, or controlled, or contracted to own, operate, manage, maintain, or control the subject premises.

ANSWER: Delta admits the allegations contained in paragraph 6.

7. It then and there became and was the duty of the Defendant, DELTA CARGO, individually and by and through its agents, servants and employees in its behalf, to exercise ordinary and reasonably care in and about the ownership, operation, management, maintenance and control of said premises and the passages, areaways and appurtenances thereof and threat, so that same would be in a good, safe and proper condition for persons legally and lawfully in and upon said premises to be, use, occupy and walk upon, and so as not to cause harm and injury to such persons.

ANSWER: Delta denies that Paragraph 7 correctly states the duty, if any, it owed under all applicable laws and admits only those duties imposed upon it by law.

8. In violation of its duty, the Defendant, DELTA CARGO, individually and by and through its agents, servants and employees in its behalf improperly owned, operated, managed, maintained and controlled said premises, and more particularly allowed and permitted the front stoop and parking to remain unsafe, dangerous and hazardous.

ANSWER: Delta denies the allegations contained in Paragraph 8.

9. As the Plaintiff, JOYCE DERBY, was legally and lawfully in and upon on the subject premises, walking off the front stoop onto the adjacent parking lot, and due to the negligent acts and/or omissions on the part of the Defendant, DELTA CARGO, individually and by and through its agents, servants and employees in its behalf, the Plaintiff, was caused to fall with great force and violence, thereby severely and seriously injuring herself.

ANSWER: Delta denies the allegations contained in Paragraph 9.

10. Prior to and at the time and place aforesaid, the Defendant, DELTA CARGO, individually and by and through its agents, servants and employees in its behalf, acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct.

(a) Improperly operated, managed, maintained and controlled its premises and the passages, areaways and appurtenances thereof and thereat, so that as a direct result thereof, the plaintiff was injured.
(b) Failed to provide a good, safe and proper place for the plaintiff to occupy and walk upon while in and about its property.
(c) Failed to properly maintain its property.
(d) Failed to have a good, safe and proper means of ingress and egress to and from its property.
(e) Failed to properly supervise the activities of its agents, servants and employees.
(f) Failed to fix, repair, mend and/or remedy its property, when it knew, or should have known that the same was in the use and need thereof.
(g) Failed to inspect its property to be certain it was in a good, safe and proper condition, and to remedy the dangerous and defective conditions which they knew or should have known of, to the injury of the Plaintiff.
(h) Failed to warn the plaintiff and others of the existence of the dangerous and hazardous conditions of its property.
(i) Caused and/or permitted dangerous conditions to exist on its property, namely an uneven and excessively high stoop and an uneven parking lot.

ANSWER: Delta denies the allegations contained in Paragraph 10, including sub-paragraphs (a) through (i) inclusive.

11. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions on the part of the Defendant, individually and by and through its agents, servants and employees in its behalf, the Plaintiff, JOYCE DERBY, suffered and will, in the future, suffers injuries of a personal, permanent and pecuniary nature.

ANSWER: Delta denies the allegations contained in Paragraph 11.

**Defendant hereby demands trial by jury.**

4

## AFFIRMATIVE DEFENSES

Defendant, DELTA AIR LINES, INC. ("Delta"), by and through its attorneys MERLO KANOFSKY BRINKMEIER & GREGG Ltd., and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

1. Before and at the time of the occurrence alleged in the complaint at law, Plaintiff, JOYCE DERBY ("DERBY"), was under a duty to use ordinary care for her own safety and welfare.

2. Notwithstanding her duty as aforesaid, DERBY committed one or more of the following negligent acts or omissions:

 (a) Failed to keep and maintain a sufficient lookout as to where she was walking.
 (b) Failed to keep and maintain her balance.
 (c) Failed to properly use available pedestrian walkways.
 (d) Allowed and permitted herself to trip and/or stumble.

3. If DERBY, was injured and sustained damages as alleged in DERBY's Complaint, then said injuries and damages were sustained as a direct and proximate result of one or more of the aforesaid negligent acts or omissions.

4. The negligence of DERBY was the sole proximate cause of the accident alleged and the injuries and damages alleged.

### *OR IN THE ALTERNATIVE*

5. The conduct of DERBY, was a contributing proximate cause of the accident alleged and the injuries and damages alleged, and the negligence of DERBY, was responsible for more than 50% of the injuries and damages alleged by DERBY, and DERBY is thus barred from any recovery for the damages alleged.

## *OR IN THE ALTERNATIVE*

6.    The conduct of DERBY, was a contributing proximate cause of the accident alleged and the injuries and damages alleged, and DELTA is entitled to a reduction in the amount of damages awarded to DERBY, if any, to be reduced proportionately by the amount of DERBY's negligence which is found to have contributed to the accident and her alleged injuries.

WHEREFORE, Defendant, DELTA AIR LINES, INC., prays for judgment in its favor and against Plaintiff, JOYCE DERBY, or in the alternative, that if the trier of fact finds in favor of Plaintiff, JOYCE DERBY, on the issue of liability, then this Defendant, DELTA AIR LINES, INC., prays that any award of damages to Plaintiff, JOYCE DERBY, be reduced by the percentage of negligence attributable to the Plaintiff as the cause of the injuries, or barred from recovery as a matter law.

                                                                 Respectfully Submitted,
                                                                 DELTA AIR LINES, INC.

                                                                 *s/ Donald G. Machalinski*
                                                                 Donald G. Machalinski

Donald G. Machalinski, Esq.
Amelia K. Christensen, Esq.
Attorneys for Defendants
MERLO KANOFSKY BRINKMEIER & GREGG, LTD.
208 South LaSalle Street
Suite 950
Chicago, Illinois 60604
(312) 553-5500

J:\users\!Files\Open Files\0194.12243\Pleadings\Answer to Complaint.4.doc