UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE DERBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   08 cv 1335 |
| | ) |
| DELTA AIR LINES, INC., | ) |
| | ) |
| Defendant. | ) |

### RESPONSE TO MOTION TO REMAND

The Defendant, DELTA AIR LINES, INC., by and through its attorneys, Donald G. Machalinski, of MERLO KANOFSKY BRINKMEIER & GREGG Ltd., for its Response in Opposition to the Plaintiff's, JOYCE DERBY ("Derby") Motion to Remand states as follows:

### ISSUE

The sole issue before this Court is whether Delta Air Lines, Inc.'s Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446 on March 5, 2008. Specifically, the issue is whether the Defendant, Delta Air Lines, Inc.'s 30 day period to remove Derby's complaint began to run on February 1, 2008 or on February 12, 2008.

### FACTS AND PROCEDURAL HISTORY

On January 31, 2008, Derby filed a single count complaint in the Circuit Court of Cook County, Law Division, case number 2008 L 1100, against "Delta Airlines, a foreign corporation", a non-existent legal entity ("Delta Airlines"). (See Complaint, attached as Exhibit B to Derby's Motion to Remand).

On February 1, 2008, Derby attempted to serve Delta Airlines at 801 Stevenson, Springfield, Illinois. (See Affidavit of Process Server, attached as Exhibit A to Derby's Motion to Remand). The Affidavit, executed 4 days after the attempted service, does not reference any registered agent, such as Corporation Service Company ("CSC").

Both the Complaint and the Affidavit of Process Server refer to Delta Airlines, and not to the Defendant, Delta Air Lines, Inc.

The Defendant, Delta Air Lines, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. (See David A. Seiler's Affidavit, attached hereto as Exhibit A).

The Illinois Secretary of State's *Corporation File Detail Report* lists the correct legal entity name as Delta Air Lines, Inc. and its registered agent as Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (See *File Detail Report*, attached as Exhibit I, to David A. Seiler's Affidavit, attached hereto as Exhibit A).

On February 4, 2008, CSC sent a *Return of Service of Process* letter to Derby's attorney, which provided in part:

> The service of process received from you is being returned. We cannot receive this service as registered agent due to the reason(s) listed below.
> Because two different companies can have very similar names, the names of the company for whom service is directed MUST BE IDENTICAL to the company name on file with the Secretary of State, or other appropriate state agency.

(See *Return of Service Of Process letter*, attached as Exhibit II, to David A. Seiler's Affidavit, attached hereto as Exhibit A).

On February 12, 2008, the Defendant, Delta Air Lines, Inc. was personally served with Derby's Complaint and a Summons at its facility at 1020 Delta Boulevard, Atlanta, Georgia 30320. (See Stacey Oliphant's Affidavit, attached hereto as Exhibit B).

On March 5, 2008, within 30 days of serviced being effectuated on February 12, 2008, the Defendant, Delta Air Lines, Inc. filed its Notice of Removal in accordance with to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. §1332.

**LAW AND ARGUMENT**

Derby's Motion to Remand does not reference any Federal Rule of Civil Procedure. Presumably, Derby's Motion to Remand was filed pursuant to 28 U.S.C. § 1447.

The only referenced law in Derby's Motion to Remand is 28 U.S.C. § 1446, which provides in part that:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In *Murphy Brothers, Inc. v Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999), the United States Supreme Court confirmed that a defendant must be formally served with summons before the 30 day period to remove the case begins to toll. Otherwise, to avoid the risk of being time barred to remove the case, a defendant would be forced to capitulate to service even if the original attempted service was defective or potentially defective.

The *Murphy* decision was recognized in *Collins v. Pontikes*, 447 F.Supp.2d 895, 897 (N.D. IL 2006), wherein the Court held, in part, that:

> In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court considered the issue of whether the 30- day removal period commenced upon mere service of the complaint or whether the defendant was entitled to service of official process. The court concluded that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48,

3

> 119 S.Ct. 1322. The court described service of official process as "fundamental" (*id.* at 350, 119 S.Ct. 1322), and noted that unless the named defendant waives service, "the summons continues to function as the *sine qua non*" that directs a defendant to participate in a civil action or forfeit certain rights (*id.* at 351, 119 S.Ct. 1322).
>
> Thus, after *Murphy Bros.* rejected what had been known as the "receipt rule," to determine when the time period for removal begins to run, it is critical to identify precisely when a named defendant is officially summoned to appear in an action.

It is also important to note that Derby failed to present this Court in her Motion to Remand with any Illinois law that supports her claim that service was properly effectuated on the Defendant, Delta Air Lines, Inc. on February 1, 2008.

Under Illinois law, Derby failed to effectuate service on the Defendant, Delta Air Lines, Inc. on February 1, 2008 because Derby failed to name the correct legal entity.

In *Rapier v. First Bank*, 309 Ill.App.3d 71, 721 N.E.2d 686, 242 Ill.Dec. 407 (1st Dist. 1999), the Court quashed service of summons on the defendant, Trans Union Corporation because the plaintiff had attempted to serve Trans Union Credit, a legal non-entity. The Court held, in part, as follows:

> Trans Union protests that service was invalid because plaintiffs filed an action against, and attempted to obtain service upon, Trans Union Credit, a nonentity.
> ***
> We need not decide, however, whether this case involves a misnomer or misidentification of a party, because plaintiffs did not provide actual notice to Trans Union and such notice is a prerequisite for correction of a misnomer. The return of service shows that USCC was served as the registered agent for Trans Union Credit. At the time service was made, USCC was not the registered agent for Trans Union Credit. USCC sent a letter to plaintiffs' attorney, advising him that USCC was not the registered agent for Trans Union Credit and returning the summons and complaint. *Rapier*, 309 Ill.App.3d at 79, 80.

More recently, the Court in *Capital One v. Czekala*, 2008 WL 539177 (3rd Dist. Feb. 25, 2008), was confronted with a similar issue. The Court held that the plaintiff's failure to include "Inc." when attempting to serve the correct legal entity was fatal to the plaintiff's attempted service and therefore held that there was no personal jurisdiction over the correct legal entity.

The Court initially observed that:

It is undisputed that Sealand Foods, Inc., was a properly registered corporation in the state of Illinois and that Czekala was the president of the corporation. The corporation was created in 1994 and had not been dissolved as of December 5, 2001, the date of default judgment. However, the registered name of the corporation, which Czekala served as president, was Sealand Foods, Inc., and not simply Sealand Foods. Therefore, the complaint appears to carelessly misname the company and then link Czekala to a misnamed, noncorporate business.
*Capital One*, at 4.

The Court continued and then concluded that:

In sum, both misnomer and mistake appear in the complaint. Misnomer of the corporation occurred by naming "SEALAND FOODS" instead of Sealand Foods, Inc. We have also concluded Czekala was linked to the misnamed "SEALAND FOODS" by mistake, since Czekala was not the true party in interest.
***
Contrary to the court's ruling, the summons served on a party named by mistake does not confer personal jurisdiction over that person. *** We conclude the summons in this case, served on Czekala's wife, was wholly ineffective and did not give rise to personal jurisdiction over Czekala, who was named in the complaint by mistake, or the corporation, as we discuss below.
*Capital One*, at 7 (citations omitted).

In this case, it is clear that the Complaint and proof of service on the non-existent legal entity of Delta Airlines on February 1, 2008 does not constitute proper service on the Defendant, Delta Air Lines, Inc. More importantly, since there was an issue as to whether service was effectuated on the Defendant, Delta Air Lines, Inc. on February 1, 2008, the Defendant, Delta Air Lines, Inc. was not required to abandon its right to contest to proper service and remove this case within 30 days of February 1, 2008.

5

It also clear that upon receipt of the rejection of service by CSC, Derby effectuated service on the Defendant, Delta Air Lines, Inc. at its facility at 1020 Delta Boulevard, Atlanta, Georgia 30320, which constitutes a judicial admission that the first attempted service was ineffective.

Ultimately, the Defendant, Delta Air Lines, Inc. complied with 28 U.S.C. § 1446 by filing the Notice of Removal on March 5, 2008, which is within 30 days of served being effectuated on February 12, 2006.  Pursuant to *Murphy Bros*. and *Collins,* the Defendant, Delta Air Lines, Inc. had the absolute right to dispute that service was effectuated on February 1, 2008, pursuant to *Rapier* and *Capital One*, without risk of being time barred to remove the case following proper service.

WHEREFORE, the Defendant, DELTA AIR LINES, INC., respectfully requests that this Court deny the Plaintiff, JOYCE DERBY's Motion to Remand, and find that the Defendant, DELTA AIR LINES, INC.'s Notice of Removal was timely filed and that this Court has jurisdiction, and/or for any other relief that this Court deems appropriate.

MERLO KANOFSKY BRINKMEIER & GREGG Ltd.

By: *s/ Donald G. Machalinski*
Donald G. Machalinski

Attorneys for the Defendant,
DELTA AIR LINES, INC.
Donald G. Machalinski
MERLO KANOFSKY BRINKMEIER & GREGG Ltd.
208 South LaSalle Street, Suite 950
Chicago, Illinois  60604
(312) 553-5500 – telephone
(312) 553-1586 – facsimile

J:\users\!Files\Open Files\0194.11854\Motions\Federal Court\Response.Motion.Remand.Final.doc