UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE DERBY, | ) |
| Plaintiff, | ) |
| | ) No. 08 CV 1335 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| DELTA AIRLINES, | ) |
| Defendant. | ) |

### ORDER

On January 31, 2008, plaintiff, Joyce Derby, filed suit in Cook County Circuit Court against defendant, Delta Airlines ("Delta"), for personal injuries that Derby alleges she sustained as the result of an accident in which she fell while stepping down from a concrete stoop at a Delta cargo facility near Chicago's O'Hare Airport. On March 5, 2008, Delta filed a notice of removal. Before the court is Derby's motion to remand.

### DISCUSSION

Pursuant to 28 U.S.C. § 1447, a defendant may bring a motion to remand a case that has been removed to federal court. The basis for Derby's motion to remand is that Delta did not file the notice of removal within thirty days of being served with the complaint, as required by 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim."). The parties disagree, however, about when exactly Delta was served with the complaint.

In *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), the Supreme Court confirmed that a defendant must be formally served with a summons before the thirty day period for removal begins to run. *Id.* at 356; *accord Collins* v. *Pontikes*, 447 F. Supp. 2d 895, 897 (N.D. Ill. 2006). As the court explained in *Collins*, "to determine when the time period for removal begins to run, it is critical to identify precisely when a named defendant is officially summoned to appear in an action." 447 F. Supp. 2d at 897. Thus, the critical issue is when Delta was effectively served with the summons.

According to Derby's motion to remand, Delta was served on February 1, 2008. According to Delta's notice of removal, however, Delta was served on February 12, 2008. If Delta was served on February 1, then the notice of removal needed to be filed by Monday, March 3, which it was not. *See* Fed. R. Civ. P. 6(a) (providing that, in computing a time period under the Federal Rules of Civil Procedure, if the last day of the period would be a Sunday, then "the period runs until the end of the next day that is not a Sunday, legal holiday, or day when the clerk's office is inaccessible"). If, on the other hand, Delta was not served until February 12, then the notice of removal needed to be filed by March 13, which it was.

In support of its motion to remand, Derby attaches the affidavit of a process server who states that on February 1, 2008, he served Delta with a summons and complaint "[b]y leaving copies with the registered agent, officer, or agent of the corporation, or partnership found in the state." Pl.'s Mot., Ex. A. Under Illinois law, "[a] private corporation may be served . . . by leaving a copy of the process with its registered agent." 735 Ill. Comp. Stat. 5/2-204.

In response, Delta argues that the service attempted on February 1, 2008 was not effective, because Derby failed to name the correct legal entity as a defendant. Specifically,

2

Delta argues that its official corporate name, as registered with Illinois Secretary of State, is "Delta Air Lines, Inc."; but the affidavit of the process server and the complaint named only "Delta Airlines, a foreign corporation," which is, according to Delta, a "legal non-entity." *See* Def.'s Resp. at 4.

Delta relies on *Rapier v. First Bank and Trust Co. of Illinois*, 309 Ill. App. 3d 71, 721 N.E.2d 686 (Ill. App. Ct. 1st Dist. 1999) and *Capital One Bank, N.A. v. Czekala*, — N.E.2d —, 2008 WL 539177 (Ill. App. Ct. 3rd Dist. Feb. 25, 2008), for the proposition that the service that occurred on February 1, 2008 did not constitute proper service on the defendant. These cases, however, do not support Delta's contentions.

First, Delta quotes at length from the court's discussion in *Rapier* regarding the Rapiers' service of process on "Trans Union Credit" rather than "Trans Union Corporation," the proper name of the defendant. Within the block of text that Delta quotes, however, the appellate court specifically notes that it "need not decide . . . whether this case involves a misnomer or misidentification of a party, because plaintiffs did not provide actual notice to Trans Union and such notice is a prerequisite for correction of a misnomer." *Rapier*, 721 N.E.2d at 692. That is, because the plaintiff had served only a third party that was not the defendant's agent, the court never reached the issue of whether plaintiff's service of a summons directed to "Trans Union Credit" would have constituted proper service as to "Trans Union Corporation." *Rapier* thus provides no apparent support for Delta's suggestion that the February 1, 2008 service—which was delivered to Delta's registered agent—was not effective.

Second, in *Capitol One*, the plaintiff's complaint named the defendant as "Joseph Czekala DBA Sealand Foods," instead of "Sealand Food, Inc." 2008 WL 539177, at *7. Delta

3

argues that the court there "held that the plaintiff's failure to include 'Inc.' when attempting to serve the correct legal entity was fatal to the plaintiff's attempted service and therefore held that there was no personal jurisdiction over the correct legal entity." Def.'s Resp. at 5. Delta quotes at length from *Capitol One* but fails to explain how that case supports its contention that the February 1, 2008 service in this case "does not constitute proper service on the Defendant, Delta Air Lines, Inc." *See* Def.'s Resp. at 5. For example, Delta quotes the appellate court's statements that "*both* misnomer and mistake appear in the complaint" and that a "summons served on a party *named by mistake* does not confer personal jurisdiction over that person." *Capitol One*, 2008 WL 539177, at *7 (emphasis added). But while Delta contends that it was misnamed in both the complaint and the process server's affidavit, it has not clearly argued—much less demonstrated—that it was named by mistake.[1] *Capitol One* does not support the proposition that where—as appears to be the case here—a party is not named by mistake, misnomer alone renders the service of process ineffective. Indeed, the appellate court expressly reaffirmed that "[t]he effect of misnomer is that the party called by the wrong name is still subject to the court's jurisdiction after receiving notice of the lawsuit." *Id.* at *4 (citing *Barbour v. Berglund & Sons, Inc.*, 567 N.E.2d 509, 511–12, 208 Ill. App. 3d 644, 648, 153 Ill. Dec. 551 (1990)).

---

[1] In *Wheaton v. Steward*, 817 N.E.2d 1029, 353 Ill. App. 3d 67, 288 Ill. Dec. 379 (Ill. App. Ct. 1st Dist. 2004), the court explained the difference between being misnamed and being named by mistake:

> [T]he misnomer rule is a narrow one and applies only where a plaintiff brings an action and a summons is served upon a party intended to be made a defendant. . . . In contrast, mistaken identity occurs when the *wrong party* is named and served. . . .

*Id.* at 1032 (internal quotation marks and citations omitted) (emphasis added).

4

Moreover, the Illinois Code of Civil Procedure provides, "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 Ill. Comp. Stat. 5/2-401(b). In a related context, the Seventh Circuit has explained,

> Complaints burdened by problems of nomenclature satisfy the statute of limitations in Illinois. . . . Illinois requires a complaint within the bound set by the statute of limitations, plus service of process within a reasonable time . . . but *does not care whether the complaint gets defendant's name right.* If the right person receives service promptly, the complaint is timely despite the gaffe.

*Diaz* v. *Shallbetter*, 984 F.2d 850, 854 (7th Cir. 1993) (internal quotation marks and citations omitted) (emphasis added). Based on 735 Ill. Comp. Stat. 5/2-401(b), courts in Illinois have held that the correction of the name of the defendant "will not impact the effectiveness of the service or the rest of the litigation against the party intended to be the defendant." *See McCrite* v. *GRW Corp.*, No. 05-CV-4192, 2007 WL 1189379, at *4 (S.D. Ill. Apr. 19, 2007) (citing *Retzler* v. *Pratt & Whitney Co.*, 723 N.E.2d 345, 356, 309 Ill. App. 3d 906, 243 Ill. Dec. 313 (Ill. App. Ct. 1st Dist. 1999) ("In the case of misnomer, the plaintiff may simply correct the mistake by amending the complaint.")).

It is also worth noting that a number of federal appellate courts have specifically rejected arguments like the one Delta relies on here. *See, e.g., Morrel* v. *Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) ("[Defendant]'s argument is premised on a thin reed—a misnomer in the spelling of the name of its insured—and is meritless. It has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way."); *Barsten* v. *Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) ("[E]ven if an improper defendant is indicated in the caption, we may consider a

complaint to have named the proper defendant if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.") (internal quotation marks omitted); *United States* v. *A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons, . . . or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.").

Delta also argues that events that took place after February 1, 2008 support its contention that the service on that date was ineffective. First, Delta points out that its registered agent sent Derby a letter dated February 4, 2008, notifying Delta that it "could not receive this service as registered agent" because "the name of the company for whom service is directed MUST BE IDENTICAL to the company name on file with the Secretary of State." Def.'s Resp., Ex. II. Second, Delta cites the fact that on February 12, 2008, after having received the rejection of service letter from Delta's registered agent, "Derby effectuated service on the Defendant, Delta Air Lines, Inc. at its facility at 1020 Delta Boulevard, Atlanta, Georgia 30320, which constitutes a judicial admission that the first attempted service was ineffective."[2] Def.'s Resp. at 6. Delta provides no case law, however, to support its suggestion that a letter from a corporation's registered agent purporting to reject service (after the fact) has any bearing upon the effectiveness of the service in question. *Cf. Rowland* v. *Giftcertificates.com, Inc.*, 195 F. Supp. 2d 509, 518

---

[2] The court notes that neither party has indicated that the service effected on February 12, 2008 was directed to a party other than "Delta Airlines." Indeed, all of the documents filed by Derby that appear on the docket in this case—including the complaint attached to Delta's notice of removal and plaintiff's motion to remand—name "Delta Airlines," not "Delta Air Lines, Inc.," as the defendant. Assuming, therefore, that the February 12 service was directed to "Delta Airlines," the only factor that would distinguish that service of process from the initial service on February 1 is that the subsequent service was physically delivered to the defendant company itself rather than its registered agent.

(S.D.N.Y. 2002) ("If the third party receives the service of process on behalf of defendant, or receives the service and then returns or rejects the service, service is nonetheless effected."). Nor does Delta support its assertion that the subsequent service—which may have resulted merely from an abundance of caution on the part of Derby or her counsel—somehow constitutes an admission that the initial service of process was ineffective.

Finally, Delta argues that, pursuant to *Murphy Brothers* and *Collins*, it "had the absolute right to dispute that service was effectuated on February 1, 2008 . . . without the risk of being time barred to remove the case following proper service." Def.'s Resp. at 6. Delta thus appears to suggest that regardless of whether the February 1, 2008 service of process was in fact effective, it had an unconditional right to dispute the effectiveness of that service, such that the 30-day period for removal under § 1446 did not start running until it was served again on February 12, 2008. The court finds no support for this reading of either *Murphy Brothers* or *Collins*.

The court finds that, under Illinois law, the omission of the word "Inc." and the joining together of the words "Air" and "Lines" did not render the February 1, 2008 service of process directed to "Delta Airlines" ineffective as to "Delta Air Lines, Inc." Notwithstanding the minor misnomer in the complaint, Delta received notice of the lawsuit when its registered agent was served on February 1, 2008, and knew or should have known at that time that it was the intended defendant. Thus, because Delta failed to file a notice of removal within the 30-day period following service of process on February 1, 2008, as required by 28 U.S.C. § 1446(b), Derby's motion to remand must be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, plaintiff's motion to remand [#9] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County.

Dated: May 6, 2008              Enter: _____

                                JOAN HUMPHREY LEFKOW
                                United States District Judge